

April 19, 2024

Stephanie N. O'Banion, Acting Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102
**Via ECF**

Re: *Snyder v. Arconic*, No. 23-3188, FRAP 28(j) letter of supplemental authority

Dear Ms. O'Banion,

      Pursuant to FRAP 28(j), Plaintiff-Appellant Daniel Snyder respectfully notifies this Court of the Supreme Court's decision this week in *Muldrow v. City of St. Louis, Missouri*, 601 U.S. __, 2024 WL 1642826 (April 17, 2024). There, in holding the employer was not entitled to summary judgment on the plaintiff's Title VII claim (alleging discriminatory transfer based on sex), the Supreme Court re-iterated that courts cannot "rewr[i]te Title VII" to require "a showing that the statutory text does not require." 2024 WL 1642826, at *5.

      The Court further stated: "As we noted in another Title VII decision, we will not 'add words to the law' to achieve what some employers might think 'a desirable result.'" *Id.* at *6 (quoting *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774 (2015)).

      *Muldrow* is further confirmation that, in Mr. Snyder's case, the District Court wrongly granted summary judgment for Arconic by failing to apply Title VII's "straightforward" rule that "[a]n employer may not make an applicant's religious practice, confirmed or otherwise, a factor in employment decisions," unless it can "establish[] an 'undue hardship' defense." *Abercrombie*, 575 U.S. at 773 & 772 n.2; *see also id.* at 774-75 ("Congress defined 'religion,' for Title VII's purposes, as 'includ[ing] all aspects of religious observance and practice, as well as belief,'" and "[t]hus, religious practice is one of the protected characteristics that cannot be" the basis of "discharge," absent undue hardship) (second alteration added). *See* Snyder Opening Brief at 27-52; Reply Brief at 12-31. And Arconic has not established undue hardship here. Opening Brief 52-66; Reply Brief 31-34.

                                                    Respectfully submitted,

                                                    */s/ Michael McHale*
                                                    Michael G. McHale
                                                    Counsel for Plaintiff-Appellant

cc: All counsel of record via ECF or email.

The body of this letter is 262 words in compliance with FRAP 28(j)